## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

SARPRIO DORANTI,

Plaintiff,

v.

JEREMIAH SIMS, BART HOLLAREN, JAIME LAGRAVES, and JEFF PALMER, in their own individual and official capacities,

Defendants.

Case No. 25-CV-4356 (NEB/DTS)

ORDER ACCEPTING REPORT AND RECOMMENDATION

Plaintiff Sarprio Doranti contends that Minnesota Sex Offender Program ("MSOP") officials violated his constitutional rights by fabricating behavioral expectation reports, leading to the revocation of his conditional release and his current state-court incarceration. He brings claims under 42 U.S.C. Sections 1983 and 1985(3). United States Magistrate Judge David T. Schultz recommended dismissal; Doranti objected. (ECF No. 10 ("R&R"); ECF No. 11.) After a *de novo* review, the Court agrees that Doranti's claims are barred by the *Heck* doctrine, so the Court overrules the objection and dismisses Doranti's claims.

### BACKGROUND

Sarprio Doranti is an MSOP client but is currently incarcerated in a Minnesota prison. (ECF No. 1 ("Compl.")); *In re Holly*, No. 27-P8-91-034383 (Minn. Dist. Ct. Apr. 17,

1992); *In re Holly*, No. C9-94-492, 1994 WL 396314, at *1 (Minn. App. 1994) (affirming trial court's civil commitment of Elliot B. Holly, now known as Sarprio Doranti). On October 16, 2023, Doranti pled guilty to fourth-degree assault under Minnesota law and was sentenced to twenty months' imprisonment, followed by five years of conditional release. *State v. Doranti*, No. 09-CR-22-2192, Dkt. 46 (Minn. Dist. Ct. Oct. 16, 2023). But his conditional release has been revoked, hence his current imprisonment.

Doranti sued Defendants[1], asserting claims under 42 U.S.C. Sections 1983 and 1985(3). Doranti contends that while civilly committed through MSOP, Defendants conspired to fabricate behavioral expectations reports—without notice, witness testimony, or corroborating evidence—to secure his return to prison. (Compl. ¶¶ 16–80) He claims Defendants' actions were racially motivated, violated his rights to equal protection and due process, and resulted in his unlawful confinement. (*Id.*) Doranti seeks various forms of relief, including release from all confinement and compensatory damages. (*Id.* at 47–49.[2])

Magistrate Judge Schultz previously warned Doranti about potential legal and factual deficiencies in his complaint and permitted him to amend it within twenty-one

---

[1] The Defendants are Jeremiah Sims ("hearing officer"), Bart Hollaren ("Agent, Hennepin County"), Jaime LaGraves ("MSOP Clinical Supervisor"), and Jeff Palmer ("[I]nvestigator for MSOP"). (Compl. ¶¶ 9–12.)

[2] All page citations to the record reference ECF pagination.

days. (ECF No. 5 at 2–4.) No amended complaint followed,[3] and once the deadline passed, Judge Schultz issued an R&R recommending dismissal for failure to state a plausible claim. (R&R.)

## ANALYSIS

Because Doranti objected, the Court reviews the R&R *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72(b)(3). And because Doranti is a prisoner, he is subject to 28 U.S.C. § 1915A, under which the Court must dismiss a complaint if it contains claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

Judge Schultz concluded that Doranti's claims should be dismissed because they are barred by the *Heck* doctrine. (R&R at 5–6.) Under *Heck*, if a plaintiff who has been convicted of a crime brings a Section 1983 claim, and a ruling in the plaintiff's favor would call into question the validity of the conviction or sentence, courts must dismiss the claim unless the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Thomas v. Eschen*, 928 F.3d 709, 711–13 (8th Cir. 2019) (applying *Heck*). Courts have extended *Heck* to claims under Section 1985. *E.g., Coello v. DiLeo*, 43 F.4th 346, 355 (3d Cir. 2022); *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1198 n.8 (9th Cir.

---

[3] In his objection to the R&R, Doranti asserts that he requested the return of his complaint to amend it but never received it. (ECF No. 11 ¶ 2.)

2020); *Arrington v. St.*, No. 22-CV-2362 (MJD/JFD), 2022 WL 18356337, at *2 (D. Minn. Oct. 25, 2022), *report & recommendation adopted*, No. 22-CV-2362 (MJD/JFD), 2023 WL 204078 (D. Minn. Jan. 17, 2023), *aff'd*, No. 23-1426, 2023 WL 4247219 (8th Cir. Mar. 24, 2023).

In his objection to the R&R, Doranti does not provide any factual or legal basis to dispute the application of the *Heck* doctrine. (ECF Nos. 11–12.) His objection does not address the underlying basis for the R&R; it instead continues to challenge the validity of the underlying conditional-release proceedings.

Since Doranti's claims attack his revocation and current imprisonment, Doranti cannot prevail without the Court questioning the validity of the state proceedings that led to his current confinement. His claims are foreclosed by *Heck*.[4]

## CONCLUSION

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1.  Doranti's Objection to the Report and Recommendation (ECF No. 11) is OVERRULED;

2.  The Report and Recommendation (ECF No. 10) is ACCEPTED;

3.  Doranti's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE;

4.  Doranti's application to proceed *in forma pauperis* (ECF Nos. 3, 8) is DENIED AS MOOT; and

---

[4] Because Doranti's claims are *Heck*-barred, the Court need not reach the merits.

5.      Doranti is ORDERED to pay the unpaid balance of this action's statutory

filing fee ($350.00) in the manner prescribed by 28 U.S.C. § 1915(b)(2), and

the Clerk of Court is ORDERED to provide notice of this requirement to the

authorities at the institution where Doranti is confined.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 20, 2026                          BY THE COURT:

                                               s/Nancy E. Brasel
                                               Nancy E. Brasel
                                               United States District Judge